UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JSR MICRO, INC.,

        Plaintiff,

        v.

QBE INSURANCE CORPORATION, et al.,

        Defendants.
_____/

No. C 09-3044 PJH

**ORDER GRANTING MOTION TO DISMISS**

        Defendant's motion to dismiss came on for hearing on August 19, 2009 before this court. Plaintiff JSR Micro, Inc. ("plaintiff") appeared through its counsel, Joseph P. Grasser and Mark C. Goodman. Defendant John Alder & Co. LLC ("Alder" or "defendant") appeared through its counsel, Gerald M. Fisher and Joanna M. Frasca. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS the motion to dismiss, for the reasons stated at the hearing, and summarized as follows.

        1.      Plaintiff's third and fourth causes of action, alleging intentional interference with contract and inducement of breach of contract against Alder, are not legally cognizable. Under California law, an "agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of its agency." See Icasaino v. Allstate Ins. Co., 103 F. Supp. 2d 1187, 1189-90 (N.D. Cal. 2000); Lippert v. Bailey, 241 Cal. App. 2d 376, 382 (1966). To that end, claims brought against insurance adjusters acting on behalf of a defendant insurer – including those alleging intentional interference with contract and inducement of breach – are normally barred. See Gruenberg v. Aetna Ins. Co., 9 Cal.3d 566, 576 (Cal. 1973)(holding

1  that insurance adjuster, as an agent and employee of the insurance companies, could not
2  be held accountable on a theory of conspiracy or for breach of implied covenant)(citing
3  "principle that ordinarily corporate agents and employees acting for and on behalf of the
4  corporation *cannot be held liable for inducing a breach of the corporation's contract* since
5  being in a confidential relationship to the corporation their action in this respect is
6  privileged")(emphasis added); Mintz v. Blue Cross of Cal., 172 Cal. App. 4th 1594, 1604
7  (2009)(barring claim for intentional interference with contract against insurance claims
8  administrator)("Blue Cross is [the insurer's] agent: for purposes of claims administration
9  under the insurance contract between [plaintiff] and [the insurer], Blue Cross was vested
10 with the power to act for [insurer], and therefore cannot be held liable for interference with
11 the very contract it was charged with administering"); see also Sanchez v. Lindsey Morden
12 Claims Servs., Inc., 72 Cal. App. 4th 249, 255 (1999)("California courts have refused to
13 extend liability for bad faith, the predominant insurer tort, to agents and employees of the
14 insurer").

15      2.     So here.  Plaintiff's complaint alleges:  that on April 29, 2009, QBE informed
16 plaintiff's insurance broker that QBE had undertaken its initial review of plaintiff's claim and
17 "that it had appointed an independent adjuster, Alder, who would be in contact with
18 [plaintiff] regarding the claim;" that QBE, in a May 8 2009 letter to plaintiff stated that "Alder
19 had completed its 'initial review' of the claim and required a meeting with [plaintiff];" that on
20 May 10, 2009, Alder then sent a letter to plaintiff stating it needed additional documentation
21 "to move towards a satisfactory proof of debt;" and that on May 15, 2009, plaintiff attended
22 a meeting with Alder, at which meeting Alder requested limited new information and
23 "repeatedly stated that it was not authorized to take a coverage position or act on QBE's
24 behalf despite QBE's knowing that it was obligated to provide such a coverage position."
25 See Complaint, ¶¶ 13-14, 16-18.  These affirmative allegations are consistent with and lend
26 themselves to only one reasonable inference:  that Alder was QBE's insurance adjuster
27 and agent for purposes of resolving plaintiff's claim.  Thus, and in accordance with well-
28

established case law, Alder cannot be held liable for either inducement of breach of contract, or for intentional interference with contract.  See also, e.g., Sanchez, 72 Cal. App. 4th at 255 (stating unequivocally that "[a]n adjuster is an agent hired by a principal, the insurer, to investigate a claim.  Agents are not liable to third parties for economic loss").

3.     To the extent plaintiff argues that the question of Alder's agency status is one that must be plead as an affirmative defense and dealt with at a later juncture, plaintiff is unpersuasive.  Not only is the legal cognizability of plaintiff's claims apparent from the face of the complaint, but courts have previously dismissed claims raising the precise issues in question here at the dismissal stage.  See Icasaino, 103 F. Supp. 2d at 1190; Mintz,172 Cal. App. 4th at 1607.  Defendant's motion to dismiss is therefore not premature.

For the foregoing reasons, plaintiff's third and fourth causes of action as to defendant Alder are DISMISSED.  The dismissal is with prejudice, as any amendment would be futile.

**IT IS SO ORDERED.**

Dated: August 21, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge