IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JSR MICRO, INC  
        Plaintiff,  
    v.  
QBE INSURANCE CORP.,  
        Defendant.

No. C-09-03044 PJH (EDL)

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS**

On April 6, 2010, Plaintiff filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and (d)(1)(A)(i) based on Defendant's discovery misconduct identified by the Court in its April 5, 2010 Order Granting Plaintiff's Motion to Compel. Plaintiff seeks a total of $233,412.35 in sanctions, consisting of fees and costs for preparing the Motion to Compel and the Motion for Sanctions, as well as fees and costs incurred in taking certain depositions. For the reasons stated at the hearing and in this Order, the Court grants the Motion for Sanctions, but awards an amount that is less than that sought by Plaintiff.

The conduct giving rise to this Motion for Sanctions is extensively described in the Court's April 5, 2010 Order, which is incorporated herein by reference. Based on that conduct, sanctions are appropriate pursuant to both Rule 37(a)(5)(A) and Rule 37(d)(1)(A)(i).

**A.    Rule 37(a)(5)(A)**

Sanctions are mandatory under Rule 37(a)(5)(A) when a motion to compel is granted, unless the moving party filed the motion before a good faith attempt to obtain the discovery, the opposing party was substantially justified, or other circumstances make a sanctions award unjust.

1    Here, Plaintiff made a good faith effort to obtain the discovery prior to filing this motion.  On
2    January 8, 2010, Plaintiff sent a letter to Defendant stating that Plaintiff would seek judicial
3    intervention in the parties' dispute unless Defendant agreed to eight demands, including
4    withdrawing all objections to Plaintiff's Rule 30(b)(6) notice.  The letter invited further meet and
5    confer communications, but required a response within six hours.  Defendant rejected Plaintiff's
6    demands, and Plaintiff filed a motion to compel on January 12, 2010.  Following further meet and
7    confer, Plaintiff withdrew that motion.  On February 9, 2010, Plaintiff sent a letter stating that if
8    Defendant agreed to certain demands, including withdrawing all objections to the Rule 30(b)(6)
9    deposition notice, Plaintiff would not re-file the motion to compel.  The parties held a telephonic
10   meet and confer conference on February 18, 2010 during which the parties did not resolve their
11   dispute.  Declaration of Joanne Frasca ¶ 26.  Plaintiff filed this motion to compel on February 23,
12   2010.

13   Under the circumstances, Plaintiff engaged in sufficient good faith efforts to resolve this
14   dispute without Court intervention.  Although Defendant argues that requiring a response within six
15   hours was not reasonable, Plaintiff explains that the January 8, 2010 letter sought a response within
16   six hours because counsel was scheduled to fly to Australia that day, and Plaintiff was concerned
17   that the Australia witnesses would be as ill-prepared as the New York witnesses whose depositions
18   were taken in the two days before the letter, on January 6 and 7, 2010.  Harper Decl. ¶ 25.  Although
19   Plaintiff filed the first motion to compel just days after the January 8, 2010 letter, Plaintiff withdrew
20   that motion following meet and confer meetings with Defendant.  Finally, as Plaintiff notes, the
21   issues involved in this dispute, such as witnesses who were woefully unprepared and an extensive
22   pattern of improper speaking objections, are not well-suited to meeting and conferring.

23   In addition, Defendant's conduct was not substantially justified.  A party meets the
24   "substantially justified" standard when there is a "genuine dispute" or if "reasonable people could
25   differ" as to the appropriateness of the motion.  Pierce v. Underwood, 487 U.S. 552, 565 (1988); see
26   also 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and
27   Procedure § 2288 (3d ed. 2010) ("Making a motion, or opposing a motion, is 'substantially justified'
28   if the motion raised an issue about which reasonable people could genuinely differ on whether a

2

1 party was bound to comply with a discovery rule."). Defendant argues that its objections to the
2 broad scope of the Federal Rule of Civil Procedure 30(b)(6) topics constitute substantial justification
3 for its conduct because the Court narrowed three topics from the Rule 30(b)(6) notice and found
4 some ambiguity in certain terms used in the notice, and because Judge Hamilton had prohibited
5 discovery as to purely bad faith issues.  However, although there may have been some ambiguity
6 surrounding terms such as "relationship" as used in the deposition notice, Defendant should have
7 met and conferred with Plaintiff as to the meaning of those terms before unilaterally assigning
8 meanings to them, or should have moved for a protective order.  Further, Defendant's objections do
9 not provide substantial justification because Defendant also objected extensively to topics involving
10 the insurance contract when those issues also related to bad faith, even though Judge Hamilton had
11 allowed such discovery because it was not solely directed to bad faith.  Even if there were
12 substantial justification for Defendant to object to at least some of the deposition topics as overly
13 broad, there was no substantial justification for the pattern of failing to prepare witnesses or making
14 starkly improper objections and instructions not to answer as described in the Court's April 5, 2010
15 Order.  In fact, Defendant's counsel stated at one of the Australia depositions that: "I can't be sure
16 who has what answer to what question in what area."  See Docket 71-25 at 23.  Defendant provides
17 no substantial justification for its failure to prepare witnesses or for its counsel's inability to state
18 which witness would have responsive information.

19 Nor are there other circumstances that would make a sanctions award unjust.  To the
20 contrary, Defendant's failure to prepare Rule 30(b)(6) witnesses and counsel's egregious conduct
21 during depositions justifies considerable sanctions.

22 **B.     Rule 37(d)(1)(A)(i)**

23 A court must award fees and costs caused by a party's failure to appear for deposition, unless
24 the failure was substantially justified or other circumstances make an award unjust.  Fed. R. Civ. P.
25 37(d)(1)(A)(i); 37(d)(3).  Sanctions are available under this Rule when the failure to produce an
26 adequately prepared witness pursuant to Rule 30(b)(6) is tantamount to a failure to appear.  See, e.g.,
27 Coryn Group v. O.C. Seacrets, 265 F.R.D. 235, 239-40 (D. Md. 2010) (failure to prepare 30(b)(6)
28 witness tantamount to failure to appear where the witness professed a lack of knowledge on the

3

1 majority of topics for which he was designated, including contracts to which the corporation on
2 whose behalf he was testifying was a party and which had already been provided in discovery).

3 The Court has already found in its April 5, 2010 Order that Defendant's Rule 30(b)(6)
4 witnesses were not prepared. Further, as described above, there was no substantial justification for
5 Defendant's failure to adequately prepare its witnesses, nor are there other circumstances that would
6 make a sanctions award unjust. In addition, although Defendant appears to argue that Plaintiff
7 sought testimony that was outside the scope of discovery set by Judge Hamilton (even though it was
8 not), the failure to appear is not excused on the grounds that the discovery sought was objectionable.
9 See Fed. R. Civ. P. 37(d)(1)(A)(2) ("A failure described in Rule 37(d)(1)(A) is not excused on the
10 ground that the discovery sought was objectionable, unless the party failing to act has a pending
11 motion for a protective order under Rule 26(c).").

12 Accordingly, Plaintiff's Motion for Sanctions is granted. However, as described below,
13 although the Court does not doubt that Plaintiff spent a large amount of time preparing the multiple
14 issues raised in the motion to compel and the motion for sanctions, the Court awards a lesser amount
15 of sanctions than that sought by Plaintiff.

16 **C.    Amount of sanctions**

17 First, Plaintiff seeks $123,650.50 in fees and costs incurred in bringing the motion to compel.
18 This amount includes attorneys' fees of $101,579.62 for time spent: (1) analyzing 1,818 pages of
19 deposition transcripts to extract evidence and quotations for the motion (40.1 hours); (2) conducting
20 legal research (18 hours); (3) preparing the motion (185 hours); (4) analyzing the opposition and
21 preparing the reply (90 hours); and (5) preparing for and attending the hearing (27.5 hours). See
22 Declaration of Patrice Harper ¶ 43. Included in the amount sought for this category is $22,170.88 in
23 costs for court reporters, videographers, transcripts and DVDs for six of the eight depositions at
24 issue. Id.

25 Defendant argues that Plaintiff is not entitled to the entire amount of costs associated with
26 the depositions because Plaintiff obtained at least some testimony from each deponent in his
27 individual capacity, even if Plaintiff did not obtain any Rule 30(b)(6) testimony. At the hearing,
28 Plaintiff stated that this amount had been reduced by 20% to reflect the fact that the deponents

4

1  provided testimony in their individual capacity.  Although the Court does not doubt Plaintiff's word,
2  the evidence provided on this point does not reflect that reduction.  Therefore, the amount sought for
3  out-of-pocket expenses in this category is reduced by 20%, for a total of $17,736.70.

4        The Court recognizes that Plaintiff went to considerable effort to prepare a comprehensive
5  motion to compel and to address Defendant's opposition to the motion.  Defendant argues generally
6  that Plaintiff overstaffed this case with excessive partner time.  On the other hand, Defendant has not
7  made any showing to oppose Plaintiff's evidence that Plaintiff's counsel's hourly rates are
8  reasonable and within the range of billing rates in this area.  See Harper Decl. ¶ 46(h); Ex. 8.
9  Further, at the hearing, Plaintiff explained that in order to fully prepare the motion to compel,
10 Plaintiff's counsel undertook a topic-by-topic analysis of the Rule 30(b)(6) topics by reviewing up to
11 seven depositions for each topic.  Plaintiff's counsel also stated that considerable time was spent
12 establishing Defendant's pattern of Rule 30(c)(2) violations.  Although Defendant stated at the
13 hearing that its analysis of the depositions did not take as long as Plaintiff's analysis, Defendant also
14 stated that a reasonable amount of fees and costs for the motion to compel would be half of that
15 sought by Plaintiff.  Although the time spent was not per se unreasonable, and the Court appreciates
16 Plaintiff's desire to be thorough and need to explain the extensive discovery misconduct, the amount
17 sought is unusually high for a motion to compel, as Plaintiff acknowledged at the hearing, and did
18 involve considerable time by senior attorneys.  The Court reduces the total amount of fees sought,
19 $101,479.62, by 33% to account for excess time spent.  The amount awarded in this category is
20 $67,991.35.

21       Second, Plaintiff seeks $78,530.85 in fees and costs incurred in taking the depositions of
22 Edward Ashby and John Rodriguez in New York, and Kris Cunningham, John Alder, David Brown
23 and Dudley Bray in Melbourne, Australia.  This amount reflects 80% of the actual charges incurred.
24 This category of fees and costs are recoverable pursuant to Rule 37(d)(1)(A)(i) to the extent that the
25 fees and costs were caused by Defendant's failure to adequately prepare its Rule 30(b)(6) witnesses.

26       Travel expenses make up almost one-half of the total amount sought in this category.
27 Plaintiff does not dispute that its counsel would likely have had to make one trip to New York and
28 Australia to take the individual depositions of these witnesses, and Plaintiff concedes that it obtained

5

at least some deposition testimony from each witness in his individual capacity. Plaintiff argues persuasively that if further trips to New York and Australia are required for these depositions, Plaintiff should not have to incur those costs. However, at the hearing, Defendant agreed to bring these witnesses to San Francisco for their continued depositions, thereby mooting Plaintiff's request for travel costs. Accordingly, this category of sanctions shall be reduced by one-half to account for travel costs.

Attorneys' fees make up the remainder of the sanctions sought in this category. Plaintiff concedes that it obtained testimony from each witness in his individual capacity. Further, although Plaintiff's counsel spent time questioning the witnesses about topics for the Rule 30(b)(6) portion of the deposition that turned out to be futile, the fact that the witnesses were not prepared means that the questioning was necessarily abbreviated and less productive. Accordingly, the Court reduces the amount sought for fees in this category by 40% to account for the fact that Plaintiff obtained testimony from the individuals. The award in this category is $23,559.26.

Third, Plaintiff seeks $31,231.00 in fees and costs incurred in preparing the motion for sanctions. For the reasons stated above in connection with the motion to compel, the Court reduces this amount by 33% to account for any duplication of work. Thus, the award in this category is $20,924.77.

Plaintiff's Motion for Sanctions is granted in the amount of $130,212.08.

**IT IS SO ORDERED.**

Dated: May 14, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge