GERALD M. FISHER (BAR NO. 60357)
Email: gmf@ffslaw.com
ROBERT S. CROWDER (BAR NO. 199556)
Email: rsc@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
3415 South Sepulveda Boulevard
Penthouse Suite
Los Angeles, CA  90034
Telephone:  (310) 255-6100
Facsimile:   (310) 398-5348

JOANNE M. FRASCA (BAR NO. 102684)
Email:  jmf@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1920 Main Street, Suite 1050
Irvine, California  92614
Telephone:  (949) 252-2777
Facsimile:  (949) 252-2776

Attorneys for Defendant and Counterclaimant
QBE INSURANCE CORPORATION and
Dismissed Defendant JOHN ALDER & CO., LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JSR MICRO, INC., a California corporation,<br><br>         Plaintiff,<br><br>    vs.<br><br>QBE INSURANCE CORPORATION, JOHN ALDER & CO. LLC, and DOES 1-10,<br><br>         Defendants.<br><br>QBE INSURANCE CORPORATION, a Pennsylvania Corporation,<br><br>         Counter-Claimant,<br><br>    vs.<br><br>JSR MICRO, INC., a Delaware Corporation,<br><br>         Counter-Defendant. | CASE NO. 4:09-CV-03044-PJH (EDL)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO WRITTEN DISCOVERY AND ORDERING FURTHER MEET AND CONFER AS TO REMAINING ISSUES <u>AS MODIFIED</u>** |

THIS MATTER came before the Court for hearing on May 25, 2010 upon Plaintiff's "Motion to Compel Supplemental Responses to Written Discovery" (Doc # 103), and, having considered the briefs, exhibits and oral arguments of the parties in support of and in opposition thereto, after which the motion was granted as to the majority of the disputes and the parties ordered to meet and confer to resolve additional issues, the Court now orders as follows:

1.      All objections, except those based on privilege or work product immunity, interposed by defendant ("QBE") to the discovery requests that are the subject of plaintiff's ("JSR") motion -- that is, specifically, JSR's Requests for Admission Nos. 1-8, 10 and 12-34 (the "RFA's"), Interrogatory Nos. 1, 2, 4 and 7 (the "Interrogatories") and Requests for Production of Documents Nos. 1-26 (the "RFP's"), all originally served on QBE in November 2009 -- are overruled.

2.      On or before June 11, 2010, QBE shall, in full compliance with Fed. R. Civ. P. 26 and 36 and paragraph 1, above, provide amended answers to the RFA's.

3.      On or before June 11, 2010, QBE shall, to the extent that it has not already done so, in full compliance with Fed. R. Civ. P. 26 and 33 and paragraph 1, above, provide all non-privileged information that is responsive to the Interrogatories and to JSR's Interrogatory Nos. 3 and 5.

4.      In full compliance with Fed. R. Civ. P. 26 and 34 and paragraph 1, above, and subject to the limitation in paragraph 5 below, QBE shall produce to JSR copies of all documents in QBE's possession, custody or control that are responsive to the RFP's as follows:

    (A)     QBE shall produce all documents called for by the RFP's concerning the approximately 74 trade credit policies issued by QBE entities in the U.S. and all claims made under such policies, with redactions only as permitted in subpart (D) below, with such production to be performed on a "rolling basis," to be completed by July 6, 2010;

    (B)     The parties have met and conferred further regarding the production of exemplars or samples of declaration pages of policies issued by QBE entities outside the United States responsive to the RFP's, together with information about claims made under such policies, and/or such other information or reports concerning such claims as to which the parties may agree, and have submitted to the Court a joint letter presenting each side's proposal for such production and production schedule which the Court will rule on separately;

    (C)     All documents called for by the RFPs not constituting the file of a

- 1 -

particular trade credit policy or concerning a particular claim under such policy--that is, all documents called for by the RFPs but not covered by subparts (A) or (B) above--shall be produced on a rolling basis beginning not later than June 15, 2010 and completed not later than July 6, 2010; and

(D)     In making the productions contemplated above, QBE may redact information identifying the insured under each policy in question, including the name of the insured, personnel associated with such insured, the e-mail addresses of personnel containing the name of the insured; and the buyers or customers of such insured, provided however that non-identifying information, including, without limitation, non-identifying information submitted or used in underwriting the policy, premium amount(s), amount(s) of claims, coverage positions, the amount paid on each such claim and the date of each claim, date of coverage position on the claim and date of payment, if any, shall not be redacted.

5.     With respect to documents called for by RFP Nos. 10, 13 and 15, QBE shall produce all such documents in accordance with the rolling production schedule set forth in subparagraph 4(A) above, but only for polices marketed or sold in the U.S.--without prejudice to JSR's right before October 1, 2010 to seek from QBE documents under those RFP's for policies marketed and sold outside the U.S., but only upon good cause shown therefor.

6.     In performing its discovery obligations, above, QBE shall secure and shall produce to JSR all information and documents within the scope of the discovery requests enumerated in paragraph (1), above, that are in the possession, custody or control of QBE, John Alder & Company, John Alder, Jurgen Schulze, QBE Australia, Ltd., the QBE Group, QBE Reinsurance and their attorneys and agents (collectively, the "QBE Entities").

7.     If any documents required hereunder to be produced in response to the RFP's is stored electronically in the ordinary course of business, such documents shall be produced in TIFF format with "load" files allowing the documents to be used with the Concordance database. The Tiff images must be single-page, 300 dpi, Group 4, black and white images. The following metadata fields, where applicable, shall be included with the load files: BegDoc, EndDoc, BegAttach, EndAttach, Author, date last modified, date sent, date received, "To," "From," "CC," "BCC," Document Type and Optical Character Recognition ("OCR") data. JSR is entitled, on an as-needed basis, to documents in native file format with metadata intact or inspection and copying

- 2 -

ORDER GRANTING IN PART MOTION TO COMPEL RE: WRITTEN DISCOVERY AND ORDERING FURTHER MEET AND CONFER AS TO REMAINING ISSUES, CASE NO. 4:09-CV-03044 PJH (EDL)

of original documents. Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), a requesting party "may specify the form or forms in which electronically stored information is to be produced." Although if QBE had timely objected, its objection might have been well taken, QBE did not object to the form of production at the time of the request, nor did it object at oral argument, and is not now entitled to backtrack and demand that JSR accept native file format documents as they are ordinarily kept in lieu of documents in the format specified by JSR.

8. In complying with this Order, QBE shall furnish all responsive, non-privileged information and documents that the QBE Entities, or any of them, now have in its or their possession, custody or control, regardless of when and how the information was learned or when or how the documents were obtained and, to the extent that QBE asserts that the delay in responding to JSR's written discovery is in some part or for any reason justified by events since its original responses to the subject discovery, then QBE shall, by written Certification under oath, state specifically how and when it learned each fact or piece of information contained in each of the supplemental responses or how and when it obtained the documents produced since its original document production.

9. As to any supplemental responses to the written discovery described in paragraph 1., above, which QBE made on May 21, 2010, QBE may withdraw or amend those supplemental responses in order to conform to this order and to do so without prejudice to QBE, including any negative evidentiary inference, resulting solely from such withdrawal or such revision, so long as same is served upon JSR on or before June 11, 2010.

10. This Order is without waiver of and is expressly subject to the right of Defendant QBE to seek all available right of appeal to and relief from the District Court Judge, Honorable Phyllis J. Hamilton, with respect to the Magistrate Judge's rulings on JSR's Motion to Compel

- 3 -

ORDER GRANTING IN PART MOTION TO COMPEL RE: WRITTEN DISCOVERY AND ORDERING FURTHER MEET AND CONFER AS TO REMAINING ISSUES, CASE NO. 4:09-CV-03044 PJH (EDL)

Supplemental Responses to Written Discovery (Doc # 103); provided however that nothing contained herein is intended as a stay of any obligation or deadline hereunder.

**IT IS SO ORDERED.**

Dated: June __14__, 2010

_____
HON. ELIZABETH D. LAPORTE
United States Magistrate Judge

- 4 -

ORDER GRANTING IN PART MOTION TO COMPEL RE: WRITTEN DISCOVERY AND ORDERING FURTHER MEET AND CONFER AS TO REMAINING ISSUES, CASE NO. 4:09-CV-03044 PJH (EDL)