United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JSR MICRO, INC.,

    Plaintiff,

    v.

QBE INSURANCE CORPORATION,

    Defendant.
_____/

No. C 09-3044 PJH

**ORDER RE DEFENDANT'S OBJECTIONS TO JUNE 14 ORDER RE MOTION TO COMPEL**

    The court is in receipt of defendant's objections to the June 14, 2010 non-dispositive order of the Magistrate Judge in connection with plaintiff's motion to compel, and has reviewed the objections and the underlying documents submitted in connection with those objections.

    Upon review of the April 8, 2010 meet and confer transcript in particular, the court concludes that the transcript does disclose the existence of an agreement between the parties, wherein plaintiff conceded to take the underlying motion to compel off calendar, conditioned upon defendant's compliance with the disclosure of certain requirements discussed therein (e.g., a list of RFAs and interrogatories that required defendant's review of plaintiff's materials prior to compliance therewith). Whether plaintiff agreed to take the motion to compel off calendar permanently, is not disclosed in the agreement.

    In view of the parties' agreement, and what appears from the record to be plaintiff's unexpected and unwarranted request for "model" amended answers to certain RFAs and interrogatories prior to the date for defendant's compliance with the foregoing agreement, defendant's objection to the June 14 order is not without some merit, to the extent premised upon the Magistrate Judge's refusal to consider the agreement's existence and

its potential impact on plaintiff's motion to compel.

Notwithstanding this observation, ultimately, it is not clear that plaintiff promised to withdraw the motion to compel on a permanent basis.  Furthermore, the agreement as stated was premised on preconditions regarding defendant's discovery disclosures.  And as the multiple exchanges between the parties demonstrate, the parties' underlying dispute encompassed not only a dispute as to the existence of any agreement, but also a dispute as to whether defendant effectively discharged the discovery obligations underlying the agreement.  As such, judicial resolution of the merits of the parties' discovery dispute could not have been totally obviated by the foregoing agreement.  Therefore, and with respect to the overriding merits of the Magistrate Judge's decision, the court OVERRULES defendant's objections to the June 14 order.

As a corollary matter, the court furthermore notes that it does not appear, based on the conduct disclosed in relation to the underlying meet and confer efforts, that sanctions would be warranted.

**IT IS SO ORDERED.**

Dated: July 13, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

2