IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JSR MICRO, INC., | No. C-09-03044 PJH (EDL) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT CITATION** |
| v. | |
| QBE INSURANCE CORP., et al., | |
| Defendants. | |

On July 12, 2010, Plaintiff filed a motion for contempt citation based on Defendants' alleged violation of the Court's June 14, 2010 Order regarding production of documents. Plaintiffs' motion was fully briefed, and the Court held a hearing on August 24, 2010.

To obtain a civil contempt citation, the moving party must show by clear and convincing evidence that the opposing party violated a specific and definite order of the Court. See In re Dual Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). If the moving party makes this showing, the burden shifts to the party allegedly in contempt to show that it cannot comply. See U.S. v. Montgomery Global Advisors, 2005 U.S. Dist. LEXIS 18468, *6 (N.D. Cal. Aug. 1, 2005). As stated at the hearing, Defendants' document production in response to the Court's June 14, 2010 Order could no doubt have been accomplished in a better fashion, but Plaintiff did not show by clear and convincing evidence that Defendants failed to substantially comply with the rolling production requirement of the June 14, 2010 Order. Accordingly, and for all of the reasons stated at the hearing, Plaintiff's motion for contempt citation is denied.

At the hearing, Plaintiff produced the Declaration of Joseph Grasser along with exhibits to explain what Plaintiff believes are deficiencies in Defendants' document production to date. The Court gave Plaintiff leave to file the Grasser Declaration, and gave Defendants the opportunity to

respond to it in writing. Plaintiff agreed to submit a revised exhibit I that is limited to questions and issues raised in the Grasser Declaration to Defendants no later than August 25, 2010. Defendants agreed to respond to Plaintiff regarding the issues raised in the declaration and attached exhibits with transparent explanations, and in particular, the revised exhibit I, no later than August 31, 2010. To the extent that Defendants find that they must correct errors in document production, they shall provide reasonable and prompt deadlines by which they will do so.

The parties agreed that a regularly scheduled weekly meet and confer telephone conference call between the parties would be helpful to address their discovery issues on an ongoing basis. Accordingly, no later than August 25, 2010, Defendants shall provide to Plaintiff a proposed time for those conference calls. The parties shall thereafter meet and confer to set a regular conference call. **IT IS SO ORDERED.**

Dated: August 25, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge