**United States District Court**
For the Northern District of California

1
2
3                          UNITED STATES DISTRICT COURT
4                          NORTHERN DISTRICT OF CALIFORNIA
5
6    JSR MICRO, INC.,
7                  Plaintiff,                    No. C 09-3044 PJH
8         v.                                     **ORDER GRANTING MOTION FOR
                                                 LEAVE TO AMEND AND SUPPLEMENT**
9    QBE INSURANCE CORPORATION,                  **COMPLAINT**
10                 Defendant.
     _____/
11
12        Plaintiff's motion for leave to file a supplemental and amended complaint, and to

13   remand the instant action to state court, came on for hearing on December 15, 2010 before

14   this court.  Plaintiff JSR Micro, Inc. ("plaintiff") appeared through its counsel, Mark

15   Goodman and Joseph Grasser.  Defendant QBE Insurance Corporation ("defendant")

16   appeared through its counsel, Peter Whalen.  Having read all the papers submitted and

17   carefully considered the relevant legal authority, the court hereby GRANTS plaintiff's

18   motion, for the reasons stated at the hearing, and summarized as follows.

19        1.    The parties agree that plaintiff's motion for leave to amend, in order to add

20   third party insurance broker and non-diverse defendant Marsh, is governed by 28 U.S.C.

21   section 1447(e), which allows the court in its discretion to permit the post-removal joinder of

22   additional defendants whose presence in an action would normally destroy subject matter

23   jurisdiction.  In such cases, the court may deny joinder, or permit it and remand the action

24   to state court.  See 28 U.S.C. section 1447(e).  The court's discretion is informed by

25   consideration of six factors:  (1) whether the party sought to be joined is needed for just

26   adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether

27   the statute of limitations would preclude an original action against the new defendants in

28   state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether

United States District Court

For the Northern District of California

1   joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the

2   new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

3   See, e.g., Palestini v. General Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000).

4        Here, taking these considerations into account, the court finds that, on balance,

5   joinder of third party Marsh is appropriate under § 1447(e).  Marsh qualifies as a necessary

6   party, in view of its role as broker and intermediary in the procurement of plaintiff's

7   insurance policy from defendant, the desirability of allowing all liability stemming from a

8   uniform course of conduct alleged among the parties to be finally determined in a single

9   judicial action, and the real risk of a redundant and inconsistent state court action with

10  respect to overlapping issues in the event joinder is not granted.  See, e.g., CP Nat'l Corp.

11  v. Bonneville Power Admin., 928 F.2d 905, 912, 910 (9th Cir.1991)("[a] necessary party is

12  one 'having an interest in the controversy, and who ought to be made [a] part[y], in order

13  that the court may act on that rule which requires it to decide and finally determine the

14  entire controversy, and do complete justice, by adjusting all the rights involved in it.'")("[t]his

15  standard is met when failure to join will lead to separate and redundant actions").  Plaintiff's

16  proposed causes of action against Marsh, moreover -- for professional negligence and

17  breach of an oral contract -- appear viable and plausible, and arise directly from Marsh's

18  alleged conduct related to the procurement of plaintiff's insurance policy from defendant.  In

19  addition, there has been no undue delay in bringing the instant motion.  Contrary to

20  defendant's argument, the court finds that the present motion was necessitated by

21  defendant's recent filing of an amended answer and counterclaim alleging fraud by plaintiff

22  in the procurement of the insurance contract at issue -- and is therefore timely, and made

23  without the primary motivation of defeating federal jurisdiction.  Finally, the court finds that

24  denial of joinder under the present circumstances would result in prejudice to plaintiff.  In

25  view of plaintiff's potentially viable causes of action against Marsh, and the related nature of

26  these claims to defendant's counterclaim alleging fraud by plaintiff in the procurement of

27  the insurance policy at issue, denial of joinder would likely result in a separate state court

28

2

United States District Court

For the Northern District of California

1  action against Marsh.  Since any such action is also likely to involve overlapping facts and

2  issues, forcing plaintiff to prosecute such claims in a parallel state court action would force

3  plaintiff to engage in redundant litigation, risk inconsistent results, and waste both party and

4  judicial resources.

5       Accordingly, plaintiff's motion for leave to amend, in order to join third party Marsh

6  as a party to the action, is GRANTED.

7       2.       To the extent that plaintiff also seeks leave to amend in order to add two

8  compulsory counterclaims against defendant alleging fraud and promissory estoppel, as

9  well as related allegations thereto, the court also finds plaintiff's showing persuasive.  For

10  reasons similar to those already stated, the court finds plaintiff's motion timely, and that the

11  amendments sought by plaintiff have been made in good faith, and are not futile.  See, e.g.,

12  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  In addition, the court

13  determines that defendant will suffer no undue prejudice in the event amendment is

14  granted.  As the court made clear when defendant recently filed its own motion to amend

15  its answer and counterclaim, while some prejudice may necessarily result by virtue of

16  amendment, no undue prejudice has been demonstrated.  There is no trial date currently

17  pending, nor have dispositive motions yet been heard (while defendant seeks to use the

18  pending dispositive motions as proof of undue prejudice, defendant disingenuously fails to

19  explain how such prejudice results, after arguing that its own recent motion to amend –

20  which was heard while dispositive motions were pending – evidenced no undue prejudice).

21  And to the extent that additional evidence will be required in response to any amendment,

22  limited discovery as to those issues within the scope of the proposed amendments will

23  remedy any evidentiary concerns.

24       Thus, and in view of the requirement that leave to amend be "freely given" when

25  justice so requires, plaintiff's motion is GRANTED.  See Fed. R. Civ. Proc. 15; see also,

26  e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)(leave

27  to amend granted with "extreme liberality").

28

3.      Because the court grants plaintiff's motion for leave to amend in part in order to add third party Marsh as a named party to the litigation, and because Marsh, like plaintiff, is a citizen of Delaware, diversity jurisdiction will be destroyed upon the filing of plaintiff's amended pleading.  Accordingly, there being no valid basis present for the exercise of federal question jurisdiction, plaintiff's filing of an amended and supplemented complaint will terminate the court's subject matter jurisdiction over the present action, and plaintiff's motion to remand the action to state court will be GRANTED.

Plaintiff is instructed to file its amended and supplemented complaint no later than December 17, 2010.  Concomitant with the filing of plaintiff's amended pleading, plaintiff shall also file a proposed order granting remand of the action to state court, in light of the foregoing.  Once the amended pleading is filed, the court will grant plaintiff's motion to remand the action.

With respect to the court's review of the Magistrate Judge's May 14, 2010 sanctions order and defendant's objections thereto, which remain outstanding, the court has reviewed the May 14 order, defendant's objections thereto, and plaintiff's written response to the objections.  The court hereby adopts the Magistrate Judge's order granting in part plaintiff's motion for sanctions, finding it correct, well-reasoned, and thorough.  Plaintiff's motion for sanctions is therefore GRANTED in the amount of $130,212.08.

Finally, to the extent additional discovery motions remain pending, these motions are terminated, and all hearing dates in connection with them are vacated.  This termination is without prejudice to the parties' ability to file their motions again in state court, if appropriate.

**IT IS SO ORDERED**.

Dated: December 16, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

4